JOHNSON, Judge.
This is an interlocutory appeal from an order of the circuit court of Volusia County, Hon. P. B. Revels, Circuit Judge, dated September 24, 1965, attacking two provisions of said order which read as follows:
“(1) Ordered, Adjudged and Decreed that the defendants’ motion to strike plaintiffs’ objections be and is hereby denied, and it is further
“(2) Ordered, Adjudged and Decreed that the court will hear testimony upon the sufficiency of the compliance of August 31, 1965, in the Courthouse, De-Land, Volusia County, Florida, at 9:00 A.M. on October 14, A.D. 1965.”
It appears that this cause has been before this court heretofore, Volusia County v. Eubank, 151 So.2d 37, wherein the *772 orders appealed therein were affirmed in part and reversed in part. The decree appealed in the former hearing and listed as this court’s Case No. D-241, being the decree of the trial court dated February 12, 1962, which was affirmed in toto by this court, provided, inter alia, certain guide lines and directives to the Board of County Commissioners to govern in determining the sufficiency or insufficiency of the petitions. The decision of this court was filed March 12, 1963, and rehearing denied April 4, 1963.
On June 4, 1963, the attorneys for the Board of County Commissioners filed their opinion embodying certain proposed rules and regulations to govern the Board in carrying out the mandates of the circuit court as well as of the District Court of Appeal, along with a petition for approval thereof by the trial court. On June 24, 1963, the trial court entered its order approving the proposed rules filed by the attorneys for the Board of County Commissioners with a few exceptions and modifications and additions. Thereafter, the Board of County Commissioners proceeded to recount and re-canvass the petitions, both the old and new, striking duplications and adding new names when requested and permitting withdrawal of names when requested. A resolution of final determination on the petitions for relocation of the county seat was adopted by the Board, March 6, 1964, the same attached to and made a part of its certificate of compliance to the peremptory writ, and the Board petitioned the court for approval thereof and dissolving all restraining and injunctive orders theretofore entered against the Board. This was done the 11th day of March, 1964.
On April 9, 1964, the attorneys for all parties to this cause, entered into a stipulation wherein they agreed to cooperate with each other and in which the Board agreed to let the opponents have all the work sheets of the Board. It was further stipulated that the plaintiffs should complete their checking and verifying within sixty days, and the defendants would have sixty days thereafter to respond. The plaintiffs did not file their report of findings until September 2, 1964, nearly four months after the stipulation, instead of the sixty days.
On June 3, 1965, the trial court entered its order wherein, inter alia, it held that the certificate of compliance to the peremptory writ filed March 11, 1964, by the Board was erroneous and the results not determined in accordance with Chapter 138, Florida Statutes, F.S.A., and the order of the trial court dated January 26, 1962, and that the same was false and based upon false information.
On July 8, 1965, the trial court entered its further order decreeing that the answers filed by the members of the Board of County Commissioners in response to the court’s order of June 3, 1965, were insufficient insofar as they allege compliance; also, that the County Commissioners should determine the sufficiency or insufficiency of the petitions as required by Chapter 138, Florida Statutes and the order of this court dated January 26, 1962, and to report its progress on September 1, 1965, unless it had prior thereto filed its full compliance to the order of January 26, 1962.
On August 31, 1965, the Board filed its further certificate of compliance and again determined that said petitions contained an insufficient number of qualified names to call the election. On September 1, 1965, the trial court entered a further order allowing the plaintiffs until September 14, 1965 to file such pleadings as they desired, and set the date of September 24, 1965 for a pretrial conference.
Some time after September 1, 1965, objections to the certificate of compliance was filed by the plaintiffs. [The appendix filed with appellants brief is one of the worst jumbled-up affairs this court has been called upon to review. Filing dates are not shown on many instruments contained in the appendix and as a matter of fact the copy of the objections to the *773 certificate of compliance is not signed by the attorneys nor any one for them and no date of execution or filing is shown. No certificate of filing is even shown. Further, the motion to amend the objections is not dated, no filing date shown nor certificate of filing.]
Thereafter, when, this court has no way of knowing, the defendants filed a lengthy answer and motion to strike the objections. The record before this court does not show a signature of any attorney nor daté nor certificate of filing. There appears also at page 218 of the appendix what purports to be an objection to the certificate of compliance by Robert Hester, et al., but contains no signature, date nor certificate of filing, so we can only presume the original was signed and filed. We have no way of knowing the accuracy of the appendix because of these apparent indications the same was not made from the records in the case.
On September 24, 1965, the trial court entered its order allowing the plaintiffs to amend their objections, denying the defendants’ motion to strike, and setting the date of October 14, 1965, to hear testimony upon the sufficiency of the compliance of August 31, 1965.
On October 8, 1965, the defendants filed notice of appeal to review the said order, supra, dated September 24, 1965. The first assignment of error is only to the effect that the court erred in denying defendants’ motion to strike plaintiffs’ objections to the certificate of compliance. A review of this record clearly shows that many questions have been raised as to the validity of the certificate with particular reference as to whether the Board followed the criteria laid down by the court and the stipulation of the parties, in arriving at whose names should or should not be considered valid.
For example, on November 11, 1964, the lower court entered its order deleting paragraph 5, Section G of the 1962 order fixing the criteria to be followed in determining the qualified names on the petition. There have been other changes, and with each change of criteria, of course there has been a change in total qualified names on the petitions. It is noted, however that in each of the Board’s recounts or rechecks, the petitions failed to contain a sufficient number of names to meet the requirement for calling the election.
The objections by the plaintiffs, appellees herein, to the August 31, 1965 certificate of compliance of the Board of County Commissioners are vague, general and argumentative, without pointing out specific errors as to qualified names being removed from the petitions or of any errors that would change the result of the determination by the Board. We think these objections are insufficient to constitute valid objections and that the trial court erred in denying the appellants’ motion to strike the same. The motion to strike should have been granted
As to appellants’ point two on appeal, we further find, and so hold, that the trial court was within the proper exercise of its power and discretion in setting the cause for taking testimony “upon the sufficiency of the compliance of August 31, 1965 * * * ”. This constituted sufficient issue for the court to take testimony on.
We feel compelled, however, to add that the testimony to be taken should be limited solely to the method of arriving at the qualified names by the Board or its agent, and to ascertain if there has been a compliance with the court’s order of January 26, 1962, as amended by deletion by its order of November 11, 1964, and the latest orders of the trial court of July 8 and July 29, 1965. The trial court should not concern itself with the mathematical correctness thereof, other than for errors appearing on the face thereof.
For the reasons stated that portion of the order of September 24, 1965, denying the appellants’ motion to strike is reversed and *774 that portion thereof setting the case for taking of testimony is affirmed, and said cause is hereby remanded to the lower court with instructions to fix a further reasonable date to take testimony, but that said testimony be limited as herein indicated.
The appellants’ third point on appeal is without merit in the light of the directions laid down by this court, supra, in the taking of the proposed testimony.
Reversed in part, affirmed in part with directions.
WIGGINTON, Acting C. J., and STUR-GIS, J., concur.